IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHE'L JENKINS,** *Plaintiff* § § § | | |
| v. § | No. 1:25-CV-1246-RP-SH | |
| **CARA CAMPOS,** *Defendant* § § § | | |
| **MICHE'L JENKINS,** *Plaintiff* § § § | | |
| v. § | No. 1:25-CV-1247-RP-SH | |
| **WENDY THOMAS,** *Defendant* § § § | | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Miche'l Jenkins' Complaints (Dkt. 1 in 1:25-cv-1246-RP-SH and 1:25-cv-1247-RP-SH) and Applications to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 in 1:25-cv-1246-RP-SH and 1:25-cv-1247-RP-SH), all filed August 7, 2025.[1]

### I.   Background

On May 14, 2025, a District Court in Travis County, Texas issued a final child custody order affecting Plaintiff Miche'l Jenkins' parental rights. *Int. of E.B.*, Case No. D-1-FM-24-004692 (345th Dist. Ct., Travis Cnty., Tex. May 14, 2025). Jenkins, who is proceeding *pro se*, alleges that

---

[1] The District Court referred these cases to this Magistrate Judge for disposition of the motions to proceed *in forma pauperis* and report and recommendation as to whether the cases should be dismissed as frivolous under 28 U.S.C. § 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

1

Texas Assistant Attorneys General Cara Campos and Wendy Thomas Jenkins violated his due process rights during that proceeding by submitting proposed orders to the presiding judge that were inconsistent with the judge's previous oral rulings.[2] He also alleges that the state court granted exclusive rights over his child's medical, psychological, and educational decisions to the child's mother and stripped him of his core parental rights without due process, and that Defendants conspired to deprive him of his parental rights and retaliated against him for filing complaints against them. Jenkins seeks monetary damages and attorneys' fees and moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

## II.     Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of *in forma pauperis* status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Jenkins' application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Jenkins *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This

---

[2] Jenkins filed a third related case against Assistant Attorney General Laura Taylor. *Jenkins v. Taylor*, No. 1:25-cv-01245-RP-ML (W.D. Tex. Aug. 7, 2025). On September 12, 2025, United States Magistrate Judge Mark Lane recommended that the District Court dismiss that case with prejudice. *Id.* at Dkt. 7.

*in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Jenkins at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.    Frivolousness Review Under Section 1915(e)(2)

Because Jenkins has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2).

A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff's pro se status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

This Magistrate Judge finds that the District Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If a district court "is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-

3

court decision, and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (cleaned up).

Jenkins challenges the validity of a final state court custody order, an impermissible federal collateral attack on a state court civil order or judgment. Because his constitutional claims are inextricably intertwined with the state court order, this suit is barred by the *Rooker-Feldman* doctrine and should be dismissed as frivolous for lack of subject matter jurisdiction. *Mendives v. Bexar Cnty.*, No. 5:21-CV-00356-JKP-RBF, 2021 WL 4708079, at *4 (W.D. Tex. June 23, 2021), *R & R adopted*, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021). Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts framed as civil rights suits. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.") (cleaned up). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317.

The domestic relations exception and *Younger* abstention doctrine[3] also counsel against a federal court exercising jurisdiction over claims that essentially challenge the validity of a state child custody or child support order. *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987); *Diaz v. Wigington*, No. 5:24-CV-00887-JKP, 2024 WL 4339999, at *2 (W.D. Tex. Sept. 26, 2024).

Finally, Jenkins' claims are barred by prosecutorial immunity. A prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Van*

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971) (recognizing that a federal court must abstain from interfering in a state proceeding by granting equitable relief when (1) the dispute involves an "ongoing state judicial proceeding"; (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges).

4

*de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). Prosecutorial immunity includes civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Holman v. Williamson Cnty.*, No. A-24-CV-1165-RP, 2025 WL 623657, at *3 (W.D. Tex. Feb. 18, 2025).

## IV.     Order

The Court **GRANTS** Plaintiff's Applications to Proceed *In Forma Pauperis* (Dkt. 2 in 1:25-cv-1246-RP-SH and 1:25-cv-1247-RP-SH) under 28 U.S.C. § 1915(a)(1).

## V.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Jenkins' suits as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474

U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 16, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE